**Donald M. UMPHREY and Douglas J. Marsden, Plaintiffs,**

v.

**McGRAW–EDISON COMPANY, Defendant.**

**No. 68 C 1148.**

United States District Court
N. D. Illinois, E. D.

Jan. 13, 1969.

Samuel B. Smith, Kane, Dalsimer, Kane, Sullivan & Smith, New York City, Albert H. Pendleton and Gregory B. Beggs, Pendleton, Newman, Seibold & Williams, Chicago, Ill., for plaintiffs.

Chas. F. Meroni, Sr., James Van San ten, Hill, Sherman, Meroni, Gross & Simpson, Chicago, Ill., for defendant; Charles A. Prudell, Elgin, Ill., of counsel.

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

ROBSON, District Judge.

The plaintiffs in this diversity action have moved to dismiss the defendant's counterclaim. This court is of the opinion that the motion should be granted.

On June 10, 1958, the parties entered into an agreement, drafted by the defendant, which granted the defendant "an exclusive license * * * under the patent application Serial No. 639,266 filed February 11, 1957—High Tension Oil Switch—and any patents eventuating therefrom to make, use and sell all equipment using the teachings of said application." (Complaint, Exhibit A,

¶ 1, p. 2.) The defendant paid the plaintiffs $20,000 in advance royalties, and agreed to pay royalties on any further use, manufacture or sale by the defendant on devices covered by the claims or the teachings of the application. This application ripened into the patent in suit on October 10, 1959 (Letters Patent No. 2,909,633). No further payments were made under the exclusive license agreement.

This suit was filed by the plaintiffs on June 19, 1968. They claimed that two devices presently manufactured and sold by the defendant (Type HF and AHJ circuit breakers, Defendant's brief, Exhibits 7 and 8) were covered by the exclusive license agreement, and that, therefore, an accounting is necessary to determine the amount of royalties due. The defendant answered by asserting that the two types of circuit breakers were not covered by the agreement. The defendant also counterclaimed for a declaratory judgment that the patent was invalid if held to cover its Type HF and Type AHJ circuit breakers.

██ It is firmly settled that the licensee under a patent license agreement may not challenge the validity of the licensed patent in a suit for royalties due under the contract, unless the licensing agreement or the practices thereunder were a misuse of patents or contrary to public policy. Automatic Radio Manufacturing Co., Inc. v. Hazeltine Research, Inc., 339 U.S. 827, 836, 70 S.Ct. 894, 94 L.Ed. 1312 (1950); Maxon v. Maxon Construction Co., Inc., 395 F.2d 330, 331 (6th Cir. 1968). The defendant alleges that its two devices are so clearly outside the scope of the agreement (and therefore the patent, since they are practically co-extensive), that the assertion by the plaintiffs that the agreement covers the questioned devices constitutes an attempt to harass the defendant and (impliedly) misuse the patent in violation of public policy. This contention is not well taken.

The patent relates to oil circuit breakers which are "adapted for use in high-tension power systems carrying heavy currents, and *particularly* to switches of the 'minimum oil' type." Patent Statement, Col. 1, lines 15–19, Defendant's brief, Exhibit 1. Although the "primary object" of the patent was "to provide a 'minimum oil' type" of circuit breaker, Patent Statement, Col. 3, lines 21–25, the agreement explicitly covers the "teachings" of the patent, which could, under one reading, cover the other type of oil circuit breakers, the "tank" type represented by the defendant's Types HF and AHJ. With this in mind, it is clear to this court that the claim of the plaintiffs is not frivolous, and that, therefore, the mere filing of this suit is not a misuse of their patent or a violation of public policy.

It is ordered, therefore, that plaintiffs' motion to dismiss defendant's counterclaim be, and it is hereby granted.